### ABIGAIL WOODBURY *vs.* JOSEPH C. THOMPSON.

In an action for slander, an allegation, that by means of the words spoken the plaintiff has fallen into disgrace, contempt, and infamy, and has lost her credit, reputation, and peace of mind, is not the laying of a special damage.

Words, charging a woman with fornication, are not in themselves actionable in this state.

CASE for slander. The first count alleged, that the defendant, in presence of divers good people of this state, did loudly and publicly utter the following false and scandalous words of and concerning the plaintiff, viz. " that she (meaning the plaintiff,) was a damned whore."

The second count alleged, that the defendant in a certain discourse, which he had with divers good people of this state, of and concerning the plaintiff, charged the plaintiff with having committed the crime of fornication ; by reason of which words " the plaintiff hath fallen into disgrace, contempt, and infamy with her neighbors, with whom previously she was in great esteem, whereby the plaintiff hath lost her credit, and reputation, and peace of mind."

To this declaration the defendant demurred ;

1st, Because it did not appear by the first count, that a conversation concerning the said *Abigail* was held by any persons at the time of speaking the words, or that any thing was said, from which the hearers of the words could know, that they were spoken of the plaintiff.

2d, Because no special damage is alleged in either count.

*Webster*, for the plaintiff.

*Noyes*, for the defendant.

RICHARDSON, C. J. There are no special damages, specifically laid, in either count in this case. The allegation, that the plaintiff has fallen into disgrace, contempt, and infamy, and has lost her credit, reputation, and peace of mind, cannot be considered as laying a special damage. 1 *Saunders* 243, *note* 5.

The question then is, whether words charging a woman with fornication are actionable of themselves in this state ? It is very clear, that at common law, words, importing such a charge, are not of themselves actionable. 4 *Coke* 16, *Davis*

vs. Gardiner.—1 Levintz 134, Bois vs. Bois.—2 Ld. Raymond 1004, Gascoigne vs. Ambler.—13 John. 275, Martin vs. Still-will.—5 ditto 188, Brooker vs. Coffin.—2 ditto 115, Buys and wife vs. Gillespie.—Hardres Rep. 107, Gardner and wife vs. Parker.

Our statute of February 16, 1791, entitled " an act for " the punishment of certain crimes not capital," section 7, enacts, " that if any man shall commit fornication with any " single woman and be thereof convicted, every person so " offending shall be fined a sum not exceeding sixty shillings, " and, if unable to pay, may be whipped not exceeding ten " stripes. Provided always, that in this case the oath of the " woman only shall not be considered as sufficient evidence " to convict the man."

If this clause in the statute can be construed to embrace women, and render them liable to the punishment it prescribes, it does not seem to admit a doubt, that the words laid in this action are of themselves actionable. Are women then within the intent of this statute ?

As this section in our statute was enacted at the time, when the provincial acts were revised, an examination of the statutes, which had been previously adopted on this subject, may throw some light in this case.

By an act of the colony of Massachusetts, passed in 1642, it was ordered, " that if any man commit fornication with " any single woman, they shall be punished either by enjoin-"ing marriage, or fine, or corporal punishment." Col. and Prov. Laws 115.

By an act of the province of Massachusetts, passed in 1692, it was enacted, " that if any man commit fornication " with any single woman, upon due conviction thereof, they " shall be fined, &c. not exceeding the sum of five pounds, " or be corporally punished by whipping, not exceeding ten " stripes apiece." Col. and Prov. Laws 239.

By an act of the commonwealth of Massachusetts, passed in 1786, it was enacted, "that if any man commit fornication with any single woman, upon due conviction thereof,

Woodbury
vs.
Thompson.

he shall be fined, &c. and the woman, so offending, upon due conviction thereof, shall be fined, &c.

Our provincial act of the 13 *William* III. *cap*. 11, which seems to have been copied from the act of the province of Massachusetts, passed in 1692, enacted, " that if any man " commit fornication with any single woman, upon due con- " viction thereof, they shall both be fined, not exceeding fifty " shillings a piece," &c. *Prov. Laws* 17.

Such was the language of the statutes, which preceded that, which is now in force here ; and it is certainly not a little singular, if it was intended that women should be embraced by the present statute, a language so entirely different should have been used.

The language of the statutes in relation to adultery may throw some light on this subject.

In 1646, a law of the colony of Massachusetts enacted, that " if any person commit adultery with a married or espoused " wife, the adulterer and adulteress shall surely be put to " death." *Col. and Prov. Laws* 59. This law was copied from the law of Moses, Leviticus xx. 10.

A law of the province of Massachusetts, passed in 1694, enacted, " if any man commit adultery, the man and woman, " that shall be convicted of such crime, &c. shall be set upon " the gallows," &c. *Prov. and Col. Laws* 277.

The language of our provincial act of the 13 *William* III. *cap*. 7, was. that " if any man shall commit adultery, the " man and woman, that shall be convicted, &c. shall be set " upon the gallows", &c. *Prov. Laws* 10.

A statute, now in force. enacts, " that any man or woman, " who shall commit adultery and be thereof convicted, &c. " shall be set on the gallows," &c. 1 *N. H. Laws* 335.

All these statutes extend to the woman in express terms.

The statute of Massachusetts, passed in 1786, for the punishment of fornication, made a distinction between the man and the woman, subjecting him to a fine of five pounds, and to whipping. in case of non-payment of the fine, and her to a fine of three pounds and imprisonment, in case of non-payment.

Our present statute against fornication, which is now under consideration, does not, in express terms, include the woman ; and there is certainly some difficulty in giving it a construction, that will bring her within it.   For if the terms, " *every* " *person so offending*," be construed to include the woman, the language of the statute will in effect be, *that if any man commit fornication with a single woman, and be thereof convicted, the man and the woman shall be fined, &c.* and the woman may be punished upon the conviction of the man ; and this absurdity is to be avoided only by rejecting the words " *and* " *be thereof convicted*," as without meaning.   But, in giving a construction to this statute, we must constantly recollect, that it is a penal statute, and that it is to be construed strictly.   We are not at liberty to reject any word in it. for the purpose of giving it a broader construction, but are bound to construe it according to the obvious meaning of all the words taken together.   This statute thus construed does not, in our opinion, include women.

It of course follows, that the words laid in the declaration in this case are not of themselves actionable.   The words certainly import a very great scandal ; and it is to be regretted, that an action cannot be maintained, when such an imputation is falsely made, without alleging and proving some special damage.   But it is our province not to make, but to administer the law ; and whatever may be our regret, we are bound in this case to pronounce the declaration to be, in law, insufficient.

GREEN, J.   I perfectly accord with the views of the Chief Justice in his construction of the statute, and in addition to the reasons offered by him, the legislature might have been induced to confine the punishment to the man, from a conviction, that the first advances, in such cases, generally proceed from him, and should these be prevented, there would be little danger of the offence being frequently committed ; but what more particularly confirms me in the opinion he has declared, is, the last clause of the section, on which the prosecution is founded, which is as follows, viz. :

Woodbury
*vs.*
Thompson.

" Provided always, that in this case the oath of the wo-
" man only shall not be considered as sufficient evidence to
" convict the man."

Now if the woman is intended by the first part of the sec-
tion to be a subject of punishment, this manifest absurdity
must follow, that while the oath of the woman is insufficient
for the conviction of the man, the woman may be prosecuted,
and on the oath of the man alone, be convicted and punished.
Why the oath of the woman against the man should not,
in such cases, be of equal weight as the oath of the man
against the woman, is impossible to perceive ; and from these
considerations, and those offered by the Chief Justice, I am
decidedly of opinion, that the punishment was intended, by
the statute, to extend to the man only.

*Judgment for the defendant.*